The Sentence Review Board wishes to thank Marvin Cure for representing himself in this matter.

STATE OF MONTANA,
     Plaintiff,           NO. 2165
   vs.               DECISION
Ronald Gene DeSalvo,
     Defendant.

On November 10, 1994, it was ordered that the defendant, Ronald Gene DeSalvo, is adjudged and decreed to be guilty of the offense of Count III, Criminal Possession of Dangerous Drugs, a Felony, as charged in the Information. Ronald DeSalvo is adjudged and decreed to be a persistent felony offender as defined by 46-18-501, M.C.A. for the reason that: Defendant was previously convicted on July 3, 1992, at Havre, Montana of Theft, a felony for which a sentence to a term of imprisonment in excess of one year could have been imposed, less than five years have elapsed between the commission of the present offense and this previous felony conviction, and defendant has not been pardoned nor has the conviction for this previous offense been set aside. As a persistent felony offender a sentence enhancement provision of Section 46-18-502(1), M.C.A. apply. Pursuant to 46-18-502(1), M.C.A., the defendant is sentenced to fifteen (15) years in the Montana State Prison as a persistent felony offender. The defendant is credited with 283 days jail time credit for the time he served from the date of his arrest to the date of his sentencing. If the defendant is paroled, it is this Court's recommendation that the Parole Board consider imposing the terms and conditions as stated in the November 10, 1994 judgment.

On March 7, 1996, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and requested that his case be continued.

After careful consideration, the motion for a continuance was granted. The case shall be heard at the May 24, 1996 hearing.

Done in open Court this 7th day of March, 1996.

DATED this 19th day of March, 1996.

Chairman, Hon. Ted O. Lympus
Member, Hon. Jeffrey M. Sherlock
Member, Hon. William Nels Swandal